The case was submitted without argument.
The act of Assembly of 1793, ch. 16, sec. 8, makes it the duty of the clerk, on the return of an original attachment, "to cause the same, by public advertisement, to be made known for three months next after the return made as aforesaid," and the court cannot enter final judgment until this species of notice is given. But when the act is complied with, the judgment of the court is final. This advertisement is in lieu of personal notice, as two nihils on a scire facias are considered notice. The act of 1777 makes use of these words, "Any person whose estate is attached may, by himself or agent, at any time before finaljudgment entered, or writ of inquiry executed, upon giving special bail, replevy the estate so attached, and plead to issue." From an examination of the above mentioned acts of Assembly it does appear, to my mind, the Legislature considered a final judgment on an attachment (530) in the same light as a final judgment in any other case.
Judgment for plaintiff.
NOTE. — See Armstrong v. Harshaw, 12 N.C. 187; Washington v.Saunders, 13 N.C. 343.
Cited: Skinner v. Moore, 19 N.C. 149. *Page 386